UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| TERRIA MCKNIGHT, PARENT OF JAREL MCKNIGHT, | Case No. 3:15-cv-00614-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| LYON COUNTY SCHOOL DISTRICT, | |
| Defendant. | |

## I. SUMMARY

Before the Court is Defendant Lyon County School District's ("Defendant" or "LCSD") Motion for Summary Judgment ("Motion") (ECF No. 32), Motion on Plaintiff's Appeal of Administrative Decisions of Special Education Review Officers ("Motion to Affirm") (ECF No. 33), and Motion to Strike Plaintiff's Supplementary Pleading ("Motion to Strike") (ECF No. 38). The Court has reviewed Plaintiff's response to Defendant's Motion and Motion to Affirm (ECF No. 35) and Defendant's reply (ECF No. 36) as well as all accompanying exhibits. Plaintiff also filed a supplementary pleading (ECF No. 37) further opposing Defendant's Motion and Motion to Affirm almost a month after filing her initial response, which Defendant has now moved to strike. Because Plaintiff filed this document without leave of court, the Court declines to consider it in ruling on Defendant's Motion and Motion to Affirm and will strike the supplement.[1]

---

[1]Pursuant to LR 7-2(g), a party is required to ask for leave of court *before* filing a supplementary pleading. The document Plaintiff filed includes the decision of a state hearing officer relating to events that transpired in the fall of 2016. More specifically, this administrative decision concerns a due process complaint Plaintiff filed after the start of this lawsuit, which is outside the scope of the claims brought in her complaint.

For the reasons discussed below, Defendant's Motion is granted in part and denied in part but without prejudice as to Count 4. Defendant's Motion to Affirm is denied without prejudice. Defendant's Motion to Strike is granted. The Clerk is instructed to strike Plaintiff's supplementary pleading (ECF No. 37).

## II. BACKGROUND

Plaintiff, Terria McKnight, proceeding pro se, asserts claims on behalf of her son, Jarel ("Student"), against LCSD.[2] Plaintiff filed her initial complaint on January 26, 2016.[3] (ECF No. 4.) With leave of court, she filed her first amended complaint ("FAC") (ECF No. 17) on June 16, 2016. (ECF No. 16.)

Student attends Yerington Elementary School in the Lyon County School District. The claims in this case primarily concern Student's individualized education program ("IEP") for the 2014-15 and 2015-16[4] school years[5] and the process by which these plans were developed. During the 2014-2015 school year, Student was eligible for special education and related services based on a diagnosis of autism spectrum disorder. Under the Individuals with Disabilities Education Act ("IDEA"), Student is entitled to an IEP that

---

[2]Plaintiff only listed and served LCSD as a proper defendant in this action. However, in the FAC she also lists nine other individuals as defendants. (ECF No. 17 at 2-3.) Because these individuals were not identified as defendants in the case caption of her complaint or her FAC—or in her application to proceed in forma pauperis (ECF No. 1) or civil cover sheet (ECF No. 1-2)—and because Plaintiff did not request summons for any of these individuals, the Court construes the claims in the FAC as against LCSD only.

[3]The allegations in the FAC concerning events that occurred after the filing of the initial complaint (*see* ECF No. 17 at 13-14) will not be considered in assessing the merits of Plaintiff's claims because an amended complaint may not add facts that occurred after the date that the original complaint was filed. *See Fresno Unified School Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1174 (E.D. Cal. 2013) ("An amended complaint under Rule 15(a) permits the party to add claims or to allege facts that arose *before the original complaint was filed*.") (emphasis added).

[4]Claims brought under the Rehabilitation Act and IDEA for failure to provide an adequate FAPE (Counts 4 and 5) for the 2015-2016 school year will not be addressed based on Plaintiff's failure to exhaust her administrative remedies until June 13, 2016—after the filing of the original complaint—when the state review officer issued its final decision regarding Plaintiff's second due process complaint (*see* ECF No. 32-33).

[5]In the FAC, Plaintiff states that "[t]here was a period of inactivity during the 2013-2014 school year" and that no meetings or goals were set for Student during that school year. (ECF No. 17 at 4.) Because Plaintiff does not provide proof that she exhausted her claims regarding LCSD's failure to meet the requirements of FAPE during the 2013-14 school year, the Court will not address claims for that school year.

complies with the requirements of a free appropriate public education ("FAPE") under the statute. *See M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 642 (9th Cir. 2005). An IEP is an educational program designed specifically for a student with a disability. 20 U.S.C. § 1414(d). FAPE is also required under Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "Rehabilitation Act"), but the requirements for FAPE under Section 504 are not identical to those under IDEA. *See Mark H. v Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008). For instance, where a school adopts a valid IDEA IEP, this is "sufficient but not necessary" to satisfy Section 504's FAPE requirements. *Id.* (citing 34 C.F.R. § 104.33(b)(2)). Pursuant to IDEA, if a parent believes her child's IEP is inappropriate, they may request an impartial due process hearing. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 51 (2005) (citing 20 U.S.C. § 1415(f)) (internal quotation marks removed). Plaintiff filed a due process complaint for Student's March, April, and May 2015 IEPs, which was administratively exhausted by the time she filed suit on January 26, 2016.

Plaintiff asks for injunctive and compensatory relief as well as relief for emotional distress, requesting damages in the amount of $5,952,004.80. (ECF No. 17 at 27.) She also asks for a declaratory judgment that LCSD violated her and Student's rights. (*Id.*)

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment

is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.
///

4

## B. Discussion

### 1. Count 1[6]

Count 1 of the FAC alleges that Plaintiff's and her son's rights under the First, Fourth, Sixth, Eighth, and Ninth Amendments, and Article VI Section II of the Constitution were violated. (ECF No. 17 at 14-15.) Preliminarily, there is no Section II to Article VI of the United States Constitution. Therefore, the Court only considers the First, Fourth, Sixth, Eighth, and Ninth Amendment claims.[7]

Plaintiff contends that her First Amendment rights were violated when "during the first hearing [she] was restricted from giving testimony as to the facts of the case by not being able to fully speak about the issues" and "during [the] second hearing [she] was not allowed to quote laws that she felt were relevant to the facts of the case." (ECF No. 17 at 14.) These claims appear to be against the hearing officers, who are not named as defendants in this action. Therefore, the Court grants summary judgment in favor of Defendant on this claim.

Plaintiff contends that her and/or her son's Fourth Amendment rights were violated when an autism specialist at LCSD conducted an observation of Student without Plaintiff's consent and also when LCSD permitted the local newspaper to take Student's photo and post his personally identifiable information in the paper without Plaintiff's consent. (ECF

---

[6]Defendant argues that because Plaintiff failed to oppose Defendant's Motion on Counts 1, 5, 6, 8 (ECF No. 17 at 22), 8 (*id.* at 24), 9 (*id.* at 23), 9 (*id.* at 24), 10, 11, 12, 17 and 18, these claims are waived. (ECF No. 36 at 7-8.) The Court disagrees. When a party fails to oppose a party's argument that there is no genuine dispute of material facts on a particular claim and the party is entitled to judgment as a matter of law, the moving party must still meet its burden under Rule 56. *See* Local Rule 7-2(d) (emphasis added) ("[t]he failure of an opposing party to file points and authorities in response to any motion, *except a motion under Fed. R. Civ. P. 56*[,] . . . constitutes consent to the granting of the motion"); *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)) (finding that where a party fails to oppose a motion for summary judgment, the motion should not be granted unless the moving party meets its burden under Rule 56 of showing that there are no genuine issues of material fact requiring a trial).

[7]There is no direct cause of action under the United States Constitution; instead a plaintiff must bring suit using the federal civil rights statute, 42 U.S.C. § 1983, and invoke the Fourteenth Amendment when bringing claims against state officials. Because Plaintiff is *pro se*, the Court will construe her claims as being brought under § 1983 and the Fourteenth Amendment.

No. 17 at 14-15.) The purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by government officials. *Michigan v. Tyler*, 436 U.S. 499, 504 (1978) (internal citation omitted). Because a newspaper employee took the photograph (i.e., conducted the search/invaded Student and/or Plaintiff's privacy), and there is no allegation that the newspaper employee was a government official, the Fourth Amendment does not apply to Plaintiff's claim about the photograph. Regarding Plaintiff's claim concerning observation of her son for educational purposes, because Student had already qualified for FAPE (*see* ECF No. 17 at 4 (stating that the first IEP was implemented May 27, 2013)), the specialist's routine observation of Student for purposes of evaluating Student does not fall within the province of an unreasonable search under the Fourth Amendment. Moreover, Plaintiff does not allege that her son had a reasonable expectation of privacy concerning evaluations by LCSD for his educational needs.[8] Therefore, the Court grants summary judgment in favor of Defendant on this claim.

Plaintiff contends that her Sixth Amendment rights were violated because she should have been informed as to the reason the observation was conducted, because she was denied the ability to confront witnesses during the first resolution meeting, and because she was not presented with appropriate legal information from LCSD that would have allowed her to obtain a lawyer who specialized in education law. (*See* ECF No. 17 at 15.) The Sixth Amendment applies only to criminal prosecutions. U.S. CONST. amend. VI (stating that the provisions apply "in all criminal prosecutions"). Therefore, summary judgment is granted in favor of Defendant on this claim.

Plaintiff contends she was subjected to cruel and unusual punishment in violation of the Eighth Amendment when "the hearing officer used a law from 1870 to say that nothing has to be proven" so as to punish Plaintiff for filing her due process complaint. (ECF No. 17 at 15.) The Eighth Amendment's prohibition against cruel and unusual

---

[8]The claim is more properly asserted as a potential violation of Plaintiff's rights under Section 504 of the Rehabilitation Act.

punishment applies only to convicted prisoners. *See, e.g., Solem v. Helm*, 463 U.S. 277, 284 ("The [cruel and unusual punishment] clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed"). Therefore, as this is not a legally cognizable claim, the Court grants summary judgment in favor of Defendant.

Finally, Plaintiff contends that under the Ninth Amendment LCSD denied her son's right to an appropriate education. Plaintiff cites no case law establishing that the Ninth Amendment guarantees individuals a right to an appropriate education. Moreover, the Ninth Amendment does not independently create a constitutional right for purposes of stating a claim. *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (citing *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986)). Instead, the Amendment is "simply a rule about how to read the Constitution." *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (internal citation omitted). Therefore, as Plaintiff has not stated a legally cognizable claim, summary judgment is granted to Defendant on this claim.

In sum, Defendant's Motion is granted as to Count 1.

### 2. Count 2

Count 2 alleges that LCSD violated the No Child Left Behind Act ("NCLB"), 20 U.S.C. § 6301 *et seq.*, because LCSD failed to provide Plaintiff with the qualifications of Student's teachers, failed to give Plaintiff information on the level of achievement of Student in each area of the state academic assessment, failed to provide a MAPS assessment chart formatted in a manner that Plaintiff could understand, and failed to update Plaintiff about the progress Student made in meeting skills needed to achieve state standards. (ECF No. 17 at 16.) However, NCLB does not provide for a private right of action. *See Horne v. Flores*, 557 U.S. 433, 456 n.6 (2009) ("NCLB is enforceable only by the agency charged with administering it.") Therefore, Plaintiff does not have a legally cognizable claim under NCLB.

Summary judgment is granted in favor of Defendant on Count 2.

### 3. Count 3

Count 3 alleges that LCSD violated the Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, because it allowed a newspaper photographer to take a photograph of Student without Plaintiff's consent. (ECF No. 17 at 26-27.) However, there is no private right of action under FERPA. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("FERPA's nondisclosure provisions fail to confer enforceable rights"); *see also Coningsby v. Oregon Dep't of Ed.*, No. 3:16-cv-00627-HZ, 2016 WL 4844078, at *7 (D. Or. Sept. 13, 2016) (dismissing FERPA claims because the statutory scheme does not create a private right of action). Therefore, Plaintiff does not have a legally cognizable claim under FERPA.

Summary judgment is granted in favor of Defendant on Count 3.

### 4. Count 4

In order to bring a claim for LCSD's failure to implement a FAPE for Student pursuant to the requirements of Section 504, Plaintiff was required to exhaust her administrative remedies pursuant to the administrative procedures outlined in IDEA. *See Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 746-47 (2017) (holding that a plaintiff bringing suit under the Rehabilitation Act for a denial of FAPE must first exhaust IDEA's administrative procedures). Therefore, the Court will address this count in its discussion of Defendant's Motion to Affirm below.

### 5. Count 9 (ECF No. 17 at 23)

In Count 9,[9] Plaintiff claims that LCSD violated the federal trademark infringement statute, 15 U.S.C. § 1125, by allowing a local newspaper to take photos of Student without notifying her. (ECF No. 17 at 23-24.) However, there is no registered trademark identified in the FAC or Plaintiff's response, nor are there allegations that any trademark owned by Plaintiff was infringed.

///

---

[9]There is a Count 9 listed on page 23 as well as a Count 9 listed on page 24.

The Court therefore grants summary judgment in favor of Defendant on this Count.

### 6. Count 14

In Count 14, Plaintiff alleges that LCSD violated the anti-retaliation provisions of the Americans with Disability Act ("ADA") by refusing to provide Plaintiff with copies of relevant records used to determine services for Student on the basis that such records were copyright protected and could only be viewed by Plaintiff at school, and by refusing to communicate through email with Plaintiff regarding Student's IEP. (ECF No. 17 at 25.) Plaintiff states that she informed LCSD that she had a disability but the school failed to accommodate her requests. (*Id.*)

Defendant points out in their Motion that Plaintiff has not made out a prima facie case of retaliation. (ECF No. 32 at 24.) In the Ninth Circuit, the Title VII burden-shifting framework is applied to retaliation claims under the ADA. *See Brown v. Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003); *see also Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1121 (9th Cir. 2000) (en banc) ("we join our sister circuits in adopting Title VII retaliation framework for ADA retaliation claims"), *vacated on other grounds in U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). Under this framework, a plaintiff must make out a prima facie case that she was engaged in protected activity, that she suffered an adverse action, and that there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003). Once the plaintiff makes a prima facie showing, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse action. *McConnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant presents a legitimate and nondiscriminatory reason for the adverse action, then the plaintiff must produce specific, substantial evidence that the defendant's proffered reason is pretextual. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

The Court finds that Plaintiff has made out a prima facie claim for retaliation but that Defendant has offered legitimate, nondiscriminatory reasons for the adverse actions and that Plaintiff failed to rebut these reasons through specific and substantial evidence. From the FAC, the Court is able to reasonably infer that the protected activity Plaintiff

allegedly engaged in was filing due process complaints on behalf of her son,[10] that the adverse actions she suffered were LCSD's refusal to provide copies to her of a test[11] Student had taken or to engage in an IEP review meeting via email with Plaintiff, and that the adverse actions were a result of Plaintiff's filing due process complaints.

Defendant offers legitimate reasons to explain the adverse actions. Defendant asserts that the reason for refusing to provide a photocopy of the particular test requested by Plaintiff is based on LCSD's obligation to comply with copyright protections for the test. (ECF No. 32 at 25.) More specifically, the company that created the test stated that under its terms and conditions for the sale and use of their products, the company does not permit "the making and giving of copies of test materials to students or their parents or guardians." (ECF No. 32 at 26; ECF No. 32-39 at 2-3.) LCSD also points to FERPA regulations that state that a test protocol separate from the sheet on which a student records his answers and which does not contain personally identifiable information would not be part of a student's education records and therefore not subject to the disclosure requirements under FERPA. (ECF No. 32-38 at 3 (citing 34 C.F.R. § 99.3 and 64 Fed. Reg. 12606, 12641 (March 12, 1999) (Analysis)).) LCSD also asserts that the reason for refusing to conduct IEP meetings through email is that email-only participation would limit collaboration by members of the IEP team. (ECF No. 32 at 26.) The special education director sent Plaintiff a letter stating that the reason for LCSD's position that IEP meetings needed to occur in person was that "communication through e-mail does not provide an

---

[10]Defendant argues that Plaintiff has not actually alleged an adverse action as failure to provide a parent with photocopies of a test or to communicate solely via email for purposes of her child's IEPs while affording Plaintiff other opportunities to accommodate her disability, would not be reasonably likely to deter a parent from requesting due process hearings in the future. (ECF No. 32 at 24.) Given that Plaintiff filed a supplementary pleading regarding a due process complaint filed after these allegedly adverse actions occurred, the Court agrees with Defendant that offering other accommodations to Plaintiff instead of sending copies of tests or performing IEP meetings via email chain did not actually deter Plaintiff from her protected activity. However, because Plaintiff is *pro se*, the Court will assume she has made out a prima facie case of retaliation and dispose of the claim at the next step of the analysis.

[11]Plaintiff also vaguely refers to other "documents" in the FAC that LCSD failed to provide her with copies of which she then attempts to identify in her opposition. (ECF No. 17 at 26.)

opportunity for the IEP team, including the parent, to engage in the discussions that Congress contemplated when requiring IEP teams to meet and requiring that parents be afforded an opportunity to participate in the meeting." (ECF No. 32 at 26-27; ECF No. 32-17 at 2.) LCSD also offered Plaintiff other dates and times to hold the IEP meeting, offered Plaintiff the opportunity to attend the meetings via teleconference as well as to tape record the meetings so that Plaintiff could view them at home, and offered to provide Plaintiff with a draft IEP prior to the IEP meeting. (ECF No. 32 at 27; ECF No. 32-17 at 3; ECF N. 32-18 at 4.)

In response to Defendant's proffered reasons for refusing Plaintiff's requests, Plaintiff makes unrelated claims[12] and fails to identify specific or substantial evidence demonstrating that LCSD's reasons were pretextual. Regarding the failure of LCSD to provide a copy of the test, the only evidence offered by Plaintiff[13] is her statement that she has received copies of other tests in the past. (ECF No. 35 at 11.) However, Plaintiff does not state that the tests she previously received were created by the same company that barred LCSD from making copies. With regards to LCSD's failure to allow Plaintiff to participate in IEP meetings via email, Plaintiff states that the hearing transcripts prove LCSD failed to provide prior written notice before the meeting about the contents of the meeting. (*See id.* at 12-13.) Beyond the fact that Plaintiff does not clearly identify what transcripts she is referring to, her statement does not address whether LCSD's reason for declining to have IEP meetings via email was pretextual; rather this addresses whether

---

[12] For instance, Plaintiff claims that "LCSD did not have a legitimate reason for refusing to send parent detailed statement in reference to Jarels [sic] needs in areas of academics, developmental and Jarels [sic] functional needs." (ECF No. 35 at 11.) However, in the FAC Plaintiff did not claim that a failure to receive statements about her son's needs was an act of retaliation. Rather, the FAC vaguely stated that "District stated that test was copyright protected and that Parent could only view and inspect documents at school." (ECF No. 17 at 26.) Therefore, Plaintiff may not bring up new allegations that Defendant did not have notice of from the FAC.

[13] Plaintiff also references the final decision of State Review Office Merced. (ECF No. 35 at 11.) That decision found that Plaintiff was not denied meaningful participation in the IEP meetings when Defendant declined to have IEP meetings by email and that Defendant's refusal to make a copy of the Student's test was permissible (*id.* at 129, 131), so it is unclear why Plaintiff cites it as support for her contention Defendant's reasons for the two acts of retaliation were pretextual.

11

LCSD complied with a particular requirement under IDEA. Plaintiff also makes unrelated allegations when stating that the Department of Education Office of Civil Rights failed to conduct a proper investigation of her complaint, purporting that hearing officers retaliated against her, identifying a proffered settlement agreement from LCSD that she declined to sign because it would have required her to waive her right to bring future complaints against LCSD, and complaining of other failures of LCSD that occurred after she filed the original complaint. (*See id.* at 11-14.) As a result, Plaintiff has failed to meet her burden of showing that Defendant's proffered reasons are a pretext for retaliation.

The Court therefore grants summary judgment in favor of Defendant on Count 14.

### 7. Count 15

In Count 15, Plaintiff alleges that there was a conspiracy to commit fraud because LCSD manipulated Student in order to say that Student did not have autism,[14] which was meant to cause damage to Student. (ECF No. 17 at 26.) In their Motion, Defendant argues that this count fails because there is no underlying action for fraud in the FAC. (ECF No. 32 at 28.) Under Nevada law, an actionable civil conspiracy to commit and aid fraud claim exists where there is an agreement between two or more persons who intend to accomplish an unlawful objective for the purpose of harming another, an overt act of fraud in furtherance of the conspiracy, and resulting damages to the plaintiff. *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005). In addition, Nevada law requires as a predicate to an action for conspiracy to defraud that there be an underlying cause of action for fraud. *Id.* In her response, Plaintiff does not address Defendant's argument concerning Count 15 and the failure of the FAC to present a separate count for fraud. Instead, Plaintiff merely states that she "believes the signatures on the IEP document shows [sic] the conspiracy agreement." (ECF No. 35 at 18.) It is unclear to the Court which IEP document she is referring to. Moreover, Plaintiff's statements that the overt acts of conspiracy were the lack of full attendance at an IEP

---

[14]It is unclear from the FAC whether the allegations concerning this count occurred before or after the filing of the original complaint. (*See* ECF No. 17 at 13.)

meeting—once again, Plaintiff fails to state what IEP meeting she is referring to—and the withholding of information about Student's "stereotypy and communication needs" do not amount to authenticated facts for purposes of summary judgment, as Plaintiff does not cite to any evidence in support of these claims. (*Id.*) Because Plaintiff has failed to put forward any authenticated facts demonstrating an underlying cause of action for fraud, an overt act of fraud, or any facts concerning who LCSD conspired with, the Court grants summary judgment in favor of Defendant on Count 15.

### 8. Count 16

In Count 16, Plaintiff cites the federal sentencing guidelines to argue that Director Frankie McCabe and other IEP team members used their position to manipulate the team, deny Plaintiff email communications about Student's IEP, and deny Plaintiff copies of Student's educational records. (ECF No. 17 at 26.) The federal sentencing guidelines are used by federal judges to determine the appropriate prison sentence after a conviction is rendered in a criminal case. Therefore, Plaintiff's claim in her response that "the federal sentencing statutes are applicable" here (ECF No. 35 at 18) is legally incorrect.

Therefore, the Court grants summary judgment in favor of Defendant on Count 16.

### 9. Remaining Counts

Defendant moves for summary judgment on Counts 6, 8 (ECF No. 17 at 22), 8 (*id.* at 24), Count 9 (*id.* at 24), 10, 11, 12,[15] 17,[16] and 18 based on the fact that none of these counts present legally cognizable claims. Instead, Plaintiff cites to case law—primarily

///

---

[15]In Count 12, Plaintiff cites to a Ninth Circuit case, *Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010), to claim that LCSD acted with deliberate indifference in violating Section 504, which entitles her to compensatory damages. However, Count 4 specifically asserts a cause of action under Section 504. Therefore, the Court construes Count 12 as a legal theory advanced in support of Count 4 and not as a distinct cause of action.

[16]Plaintiff cites Supreme Court case law, *Bd. Of Ed. Of the Hendrick Hudson Cent. Sch. Dist., Weschester Cnty. v. Rowley*, 458 U.S. 176 (1982), to identify the two-prong test used when determining if a school has violated the requirements of FAPE under IDEA. Because Count 5 addresses Plaintiff's claim that LCSD violated IDEA, the Court construes Count 17 as a legal theory advanced in support of Count 5 and not a distinct cause of action.

case law from courts other than the Ninth Circuit Court of Appeals[17]—to assert various legal theories as to why Defendant failed to comply with the requirements of IDEA and the Rehabilitation Act as well as theories of recovery under both statutes. The Court agrees with Defendant that none of these counts presents a legally cognizable cause of action. (*See* ECF No. 32 at 22.)

Therefore, the Court grants summary judgment to Defendant on these eight counts.

## IV. MOTION TO AFFIRM[18]

The original complaint in this action was filed on January 16, 2016. (ECF No. 1). As a result, this Court may address only those claims under Section 504 and IDEA related to the March, April, and May 2015 IEPs that were administratively exhausted on November 16, 2015, when the State Review Officer ("SRO") issued its Final Decision. (*See* ECF No. 32-31.)

In Defendant's Motion to Affirm, they point out that the relevant statute requires that this Court receive the records from the administrative proceedings, 20 U.S.C. § 1415(i)(C), and that the FAC fails to state specifically what portion of the SRO's Interim Partial Decision and Final Decisions[19] are being appealed or the basis for the appeal (ECF No. 33 at 3-4.) This Court does not have the records from the administrative proceedings that led to Plaintiff's claims, including records and transcripts relating to the impartial hearing officer's initial decision on September 17, 2015, the SRO's Interim Partial Decision on October 30, 2015, and the SRO's Final Decision on November 16,

---

[17]Specifically, Plaintiff cites to case law from the Third Circuit, District of Hawaii, Middle District of Pennsylvania, District of Alaska, District of Maine, the Eighth Circuit, the Western District of Pennsylvania, and a Pennsylvania state court.

[18]The Motion to Affirm addresses only Count 5 of the FAC, in which Plaintiff alleges that LCSD committed violations of IDEA. However, in light of the Supreme Court's decision in *Fry*, 137 S. Ct. 743 (2017), which was issued after Defendant filed its Motion for Summary Judgment and Motion to Affirm, the Court will also address Count 4 in this section.

[19]The SRO issued an interim partial decision on October 30, 2015, as to the first two issues on appeal. The SRO issued its final decision as to the remaining three issues.

2015. For this reason and in light of Plaintiff's pro se status, the Court denies Defendant's request to affirm the SRO's decisions but does so without prejudice. Defendant is directed to file copies of the administrative records from each administrative proceeding. Plaintiff is then directed to file a brief pointing out what portions of the SRO's Interim Partial and Final Decisions she is appealing and on what grounds, to which Defendant may then respond.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions addressed in this Order.

It is therefore ordered that Lyon County School District's Motion for Summary Judgment (ECF No. 32) is granted in part and denied in part. It is denied without prejudice as to Count 4 and is granted as to all other counts.

It is also ordered that Lyon County School District's Motion on Plaintiff's Appeal of Administrative Decisions of Special Education Review Officers (ECF No. 33) is denied without prejudice pending this Court's review of the relevant administrative records and supplemental briefs.

It is further ordered that Lyon County School District's Motion to Strike (ECF No. 38) is granted. The Clerk is instructed to strike Plaintiff's supplementary pleading (ECF No. 37) from the record.

Defendant has thirty (30) days to file the records from the administrative proceedings as discussed above. Plaintiff has thirty (30) days from the date the administrative records are filed to file her opening brief. Defendant has thirty (30) days to respond. Plaintiff then has fifteen (15) days to file her reply. The opening brief and response are limited to fifteen (15) pages, and the reply is limited to ten (10) pages.

///

///

Plaintiff's failure to file an opening brief within the allocated time period will result in summary judgment being granted in favor of Defendant on Counts 4 and 5.

DATED THIS 17th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE